Justice White,
dissenting.
Petitioner’s husband was left comatose when he was disconnected from his ventilator while in a military hospital. She brought suit against the Government under the Federal Tort Claims Act for personal injury as a result of negligence, and won a judgment of $500,000 for emotional distress and loss of consortium. In a postjudgment motion, the Government argued for the first time that Cal. Civ. Code Ann. §3333.2 (West Supp. 1988) limits non-economic damages to $250,000 in this case. The District Court rejected this claim, which it noted had not been raised before or during the trial. The Ninth Circuit reversed, holding that the Government had not waived the application of the state statute by failing to plead it, and therefore the damages recovered by petitioner must be limited to $250,000. 821 F. 2d 1428 (1987).
Under the accepted interpretation of Rule 8(c) of the Federal Rules of Civil Procedure, any matter “constituting an avoidance or affirmative defense” to the matters raised in the plaintiff’s complaint must be pleaded in a timely manner or it is deemed to be waived. As a matter of California law, the state statute at issue in this case is understood to be an affirmative defense. The Ninth Circuit held, however, that this determination is not binding on a federal court because the proper characterization of the statute in this case, which was brought in federal court, is a matter of federal procedural law. The court ruled that this statute is a mere limitation of liability, rather than an avoidance or an affirmative defense. This conclusion conflicts with the decisions of two other Courts of Appeals. In Ingraham v. United States, 808 F. 2d 1075, 1078-1079 (1987), the Fifth Circuit held that an identical statutory limitation on damages recoverable in the State of Texas is an affirmative defense that is waived under the Fed *993 eral Rules by failure to plead it in a timely manner. And in Jakobsen v. Massachusetts Port Authority, 520 F. 2d 810, 813 (1975), the First Circuit held that a statutory limitation on liability is an affirmative defense under Rule 8(c). Both courts also ruled that any such statute is deemed to be waived when the application of the statute is not raised during the trial but instead is raised for the first time after the trial, on appeal. I would grant certiorari to resolve this conflict among the Courts of Appeals.